# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSEN PANASIAN,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN SUTTON, Warden,<br><br>    Respondent. | NO. LA CV 20-06022-VBF (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation in the Report.[1]

---

[1] In his objections, Petitioner argues that the portion of Ground Six based on the trial court's failure, *sua sponte*, to instruct on accident should be deemed exhausted because a different section of his petition for review before the California Supreme Court incorporated by reference an earlier section of that

IT THEREFORE IS ORDERED that Respondent's motion to dismiss the Petition for Writ of Habeas Corpus is GRANTED IN PART AND DENIED IN PART as follows:

1. Ground Two and Subclaim (b) of Ground Six are deemed unexhausted;

2. Petitioner may file a motion for stay or notice of dismissal of unexhausted grounds within 30 days after entry of this order. If Petitioner does not timely do so, briefing will proceed on the exhausted grounds.[2]

DATED: September 14, 2021    /s/ Valerie Baker Fairbank

VALERIE B. FAIRBANK
United States District Judge

---

petition on the subject of a trial court's obligation to issue correct instructions. (LD 6 at 64 (incorporating LD 6 at 57-58).) The objections do not identify any cases in that earlier section that addressed the issue of a trial court's *sua sponte* duty to give a pinpoint instruction absent a request from defense counsel.

[2] Nothing in this order precludes Respondent from addressing the unexhausted grounds on the merits under *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).